UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MICHAEL C. FRANCOIS,

  Petitioner,

v.              Case No. 3:26-cv-458-MMH-SJH

SECRETARY KRISTI NOEM, et al.,

  Respondents.

_____

## ORDER

  Petitioner Michael C. Francois initiated this action, through counsel, by filing a Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 2; Petition). He also filed an Emergency Motion and Memorandum of Law in Support of Motion for a Temporary Restraining Order (Doc. 4; Motion).

  The Petition is not a model of clarity. For instance, the Court cannot be sure whether Francois raises a claim under Zadvydas v. Davis, 533 U.S. 678 (2001). In Count One, Francois cites both Zadvydas and Akinwale v. Ashcroft, 287 F.3d 1050 (11th Cir. 2002), and contends that "[t]here is no significant likelihood of his removal in the reasonably foreseeable future," but his claim appears to concern only Respondents' failure to follow the relevant regulations when they revoked his Order of Supervision. Petition at 18–20. While the

Court can speculate as to the claims Francois intends to raise, he carries the burden of clearly identifying his claims and the relief he seeks.

Further, the Petition is a "shotgun pleading." The Eleventh Circuit has identified four types of "shotgun pleadings." Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313, 1321–23 (11th Cir. 2015). "The first is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." Barmapov v. Amuial, 986 F.3d 1321, 1324–25 (11th Cir. 2021) (internal quotation marks and citation omitted). Here, each count in the Petition realleges all paragraphs before it. See Petition at 18, 20, 23, 28.

Moreover, Francois asks the Court, inter alia, to stay his removal from the United States pending the adjudication of his Petition. However, the Court has no jurisdiction to issue such an order because an order staying removal is a challenge to the Attorney General's decision to "execute [a] removal order." 8 U.S.C. § 1252(g).

As such, the Court **STRIKES** the Petition without prejudice to Francois refiling his claims by **March 13, 2026**. Because the Court strikes the Petition, the Motion (Doc. 4) is **DENIED as moot**.

**DONE AND ORDERED** at Jacksonville, Florida, this 5th day of March, 2026.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

Jax-9 3/5
c:　Counsel of Record

3